**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDITH M. FARINA,<br><br>Appellant,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON,<br><br>Appellee. | Civil Action No. 25-18678 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Appellant Edith M. Farina's ("Farina") above-captioned appeal of three orders entered by the United States Bankruptcy Court for the District of New Jersey (the "USBC") on November 24, 2025 (collectively, the "Orders").[1] The Court has considered the relevant submissions and decides this matter without oral argument.[2] *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, the Court affirms the USBC's Orders and denies Farina's appeal.

## I. BACKGROUND

The instant appeal arises from a years-long dispute between Farina and Appellee Bank of New York Mellon ("BNYM") regarding the validity of a note and mortgage on Farina's property

[1] Docket entries from the underlying bankruptcy case, *In re Farina*, No. 24-17517 (Bankr. D.N.J.) are designated as "Bankr. ECF No."

[2] Farina failed to file a reply brief in support of the appeal. Having fully reviewed the substance of Farina's submission, the Court need not have this matter fully briefed before ruling on the merits of the appeal.

in Toms River, New Jersey (the "Property"). The dispute culminated in Farina filing a Chapter 13 bankruptcy petition on July 30, 2024, and a Chapter 13 plan on September 19, 2024. (*See* Pet., Bankr. ECF No. 1; Chapter 13 Plan, Bankr. ECF No. 23.) BNYM, as the current holder of the note and the assignee of the Property's mortgage, objected to Farina's Chapter 13 plan and filed a proof of claim ("Proof of Claim 5-1") evidencing a mortgage lien on the Property. (*See* Plan Obj., Bankr. ECF No. 28.) Farina filed an objection to Proof of Claim 5-1 ("Claim Objection") on October 22, 2024. (Claim Obj., Bankr. ECF No. 33). The next day, the USBC held a confirmation hearing regarding the Chapter 13 plan and dismissed Farina's bankruptcy case based on: (1) Farina's failure to provide the requisite documents to BNYM prior to the "meeting of creditors" mandated by 11 U.S.C. § 341(a); (2) Farina's failure to make required pre-confirmation payments to BNYM; and (3) Farina's "lack of prosecution" of the matter. (*See* Oct. 24, 2025, Dismissal Order, Bankr. ECF No. 35.) Almost immediately thereafter, Farina filed a motion to vacate the dismissal (Oct. 24, 2025, Mot. to Vacate, Bankr. ECF No. 36). The USBC granted Farina's motion and scheduled a hearing on March 12, 2025, to both confirm the Chapter 13 plan and consider the Claim Objection. (*See* Dec. 12, 2024, Order, Bankr. ECF No. 44; *see generally* Bankr. Dkt.)

At the March 12, 2025, hearing, the USBC found that Farina "failed to meet the administrative, procedural[,] and substantive requirements necessary" to confirm the bankruptcy plan and explained its inclination to abstain from resolving the Claim Objection given that foreclosure proceedings were pending before the Superior Court of New Jersey. (*See* Nov. 24, 2025, Op. 3, 7, 14, Bankr. ECF No. 117 (citing Mar. 12, 2025, Hr'g Tr. 8:8-25).) On March 13, 2025, the USBC entered an order denying Farina's Claim Objection without prejudice. (Bankr. ECF No. 72.) On March 17, 2025, the USBC dismissed Farina's bankruptcy case, citing Farina's

"lack of prosecution" and failure to resolve outstanding creditor objections. (Mar. 17, 2025, Dismissal Order, Bankr. ECF No. 78.)

Instead of appealing the USBC's dismissal order, Farina filed various motions to vacate, motions for reconsideration, and supplemental motions, none of which have been successful to date. Among them were Farina's: (1) Supplemental Request for Judicial Notice, seeking an order scheduling a hearing regarding Farina's requests for judicial notice concerning the Claim Objection (Bankr. ECF No. 87); (2) Notice of Emergent Motion for Certification of a Federal Question and Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b), asserting that the USBC failed to conduct a mandatory evidentiary hearing under Federal Rule of Evidence 201(e) and improperly relied upon unauthenticated documents (Bankr. ECF No. 91); and (3) Omnibus Motion to Vacate a Void Order of Dismissal in Supplement to the Motion for the Court to Take Judicial Notice ("Omnibus Motion") (Bankr. ECF No. 107). The Omnibus Motion sought to: (1) vacate the USBC's March 17, 2025, dismissal order as *void ab initio* pursuant to Federal Rule of Civil Procedure 60(b)(4); (2) reinstate the dismissed bankruptcy case; (3) schedule an evidentiary hearing regarding Farina's Claim Objection; and (4) grant any other relief that the court deemed just and proper. (*See generally* Omnibus Mot.)

The USBC denied each motion on November 24, 2025. (Bankr. ECF Nos. 118-20.) In its accompanying opinion, the USBC thoroughly explained that Farina's motions effectively sought to "relitigate state-law foreclosure issues [that were] adjudicated in the [s]tate [c]ourt and [d]istrict [c]ourt." (Nov. 24, 2025, Op. 15-16, Bankr. ECF No. 117). The USBC also noted that much of Farina's requested relief was moot because the bankruptcy case "remain[ed] dismissed as of

March 17, 2025" and at no point did Farina appeal that decision. (*Id.* at 9, 16.) Unsatisfied with that outcome, Farina appealed to this Court.[3]

## II. LEGAL STANDARD

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158(a)(1). District courts review bankruptcy courts' legal conclusions de novo, their "factual findings for clear error," and their discretionary decisions for abuse thereof. *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (citations omitted). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." *Secivanovic v. Jacobson*, No. 06-2640, 2006 WL 2376922, at *1 (D.N.J. Aug. 16, 2006) (citing Fed. R. Bankr. P. 8013). In deciding a bankruptcy appeal, a district court is limited to the record before the bankruptcy court. *In re Stone Res., Inc.*, 482 F. App'x 719, 722-23 (3d Cir. 2012).

## III. DISCUSSION

Federal Rule of Bankruptcy Procedure 8002 ("Rule 8002") provides that "a notice of appeal must be filed with the bankruptcy clerk within [fourteen] days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a). The Third Circuit has made clear that a party's failure to timely appeal a bankruptcy decision under Rule 8002 deprives the district court of subject matter jurisdiction necessary to review the decision. *In re Caterbone*, 640 F.3d 108, 112-14 (3d Cir. 2011); *see also Desoto v. Norris McLaughlin & Marcus, P.A.*, No. 11-646, 2011 WL 1431883, at *4 (D.N.J. Apr. 14, 2011) (noting that the "failure to file a timely notice of appeal amounts to a jurisdictional defect and bars district court review of a bankruptcy appeal").

---

[3] Farina filed two separate appeals before this Court (*see* Notices of Appeal, Dkt. Nos. 25-18677 and 25-18692), which the Court consolidated for the purpose of appeal. (*See* ECF No. 6.)

Here, Farina appeals the USBC's November 24, 2025, Orders denying Farina's post-dismissal motions, all of which effectively sought to overturn the USBC's March 17, 2025, dismissal of the underlying Chapter 13 bankruptcy case. Farina, however, undisputedly failed to appeal the dismissal order itself—let alone do so within the requisite fourteen-day window. As a result, the USBC's dismissal order became a final, unappealable decision. Farina's filing of several successive post-dismissal motions challenging the USBC's dismissal order does not alter this jurisdictional limitation. Indeed, as BNYM recognizes, motions challenging a final judgment, such as a dismissal order, are not a substitute for a timely filed *appeal* of that judgment. *See In re Tulshi*, No. 24-9649, 2026 WL 1073053, at *1 (D.N.J. Apr. 17, 2026) (citing *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010); (*see also* Appellee's Opp'n Br. 12-13.) This Court, therefore, lacks jurisdiction to evaluate the merits of the USBC's March 17, 2025, dismissal of the underlying bankruptcy case—which plainly resolves nearly all of Farina's arguments on appeal. (*See* Appellant's Moving Br. 3.) Instead, this Court is limited to evaluating whether the USBC erred in denying the Rule 60(b)(4) relief sought in Farina's Omnibus Motion, in which Farina asserted that the USBC's dismissal order was void and required vacatur. (*See* Omnibus Mot.)

Federal Rule of Civil Procedure 60(b),[4] which is incorporated into the Bankruptcy Rules through Bankruptcy Rule 9024, allows a court to provide litigants "[r]elief from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Rule 60(b) offers "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (quotation omitted); *see also Kock v. Gov't of V. I.*, 811 F.2d 240, 246 (3d Cir. 1987) (stating that Rule 60 "must be applied [s]ubject to the proposition[] that the finality of judgments is a sound principle that should not lightly be cast aside" (citation modified)).

[4] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Rule 60 "seeks to rectify judgments improperly entered because of misrepresentations and unfair litigation tactics; it is not intended to provide an opportunity to reargue fraud-based claims dismissed on the merits." *Agcaoili v. Stanley*, No. 08-2715, 2009 WL 10698038, at *2 n.2 (D.N.J. June 9, 2009) (citation modified). To prevail on a Rule 60(b)(4) motion, a movant must show that "the judgment is void." *See* Fed. R. Civ. P. 60(b)(4).

Farina specifically argues that the USBC improperly denied Rule 60(b)(4) relief without conducting a voidness analysis and that the USBC entered "the dismissal order and subsequent post-dismissal orders . . . without adjudicating the pending objection to Proof of Claim No. 5-1." (Appellant's Moving Br. 13; *see also id.* at 8 ("At no point did the [USBC] enter an order allowing or disallowing Proof of Claim No. 5-1 pursuant to 11 U.S.C. § 502 before entry of the orders presently on appeal.").) But a review of the USBC's docket in this matter immediately discredits this assertion. On March 13, 2025—four days before the USBC's dismissal order and months before the Orders subject to the instant appeal—the USBC entered the exact order Farina contends is nonexistent, which was plainly titled "Order Denying Without Prejudice Objection to Proof of Claim 5-1." (*See* Mar. 13, 2025, Order, Bankr. ECF No. 72.)

In any event, Farina fundamentally misunderstands the scope of Rule 60(b)(4). A judgment is not void under Rule 60(b)(4) merely because it may reflect a legal error or because the litigant fundamentally disagrees with the court's procedures. Rather, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

Here, no jurisdictional defect impacts the validity of the USBC's judgment,[5] nor does the Court find that any due process violation occurred. Rather, the Court notes that the USBC explained in its November 24, 2025, opinion—as it did when it initially dismissed the bankruptcy case—that it dismissed the underlying Chapter 13 action without first adjudicating the merits because of: (1) Farina's failure to prosecute; (2) Farina's failure to resolve creditor objections; and (3) the Court's exercise of its discretion to abstain in light of the ongoing state foreclosure proceedings. (*See* Nov. 24, 2025, Op. 5, 7; *see generally* Oct. 24, 2025, Dismissal Order.) In addition, the USBC provided Farina with adequate notice to be heard when it held hearings regarding the claim-enforcement objections and considered Farina's repetitive filings both before and after those hearings. (*See id.*)

The USBC also extensively discussed the procedural history of those objections and then explained in detail why those arguments failed as a matter of law when applied to Rule 60(b), the requirements for certification of a direct appeal under 28 U.S.C. § 158(d)(2), and the well-settled doctrine of abstention. (*See generally* Nov. 24, 2025, Op.) This Court is not persuaded by Farina mischaracterizing decided issues as due process defects, and, therefore, finds no basis to grant Farina's requested relief under Rule 60(b)(4). *See In re Kajla*, No. 18-16813, 2019 WL 6339860, at *3-4 (D.N.J. Nov. 27, 2019) (affirming the bankruptcy court's denial of appellant's Rule 60

---

[5] Farina concedes that the USBC had jurisdiction to enter both the March dismissal order and the November post-dismissal orders. (*See* Appellant's Moving Br. 3-4.)

motion and noting that courts should grant Rule 60 relief "only where extraordinary justifying circumstances are present" (citation modified)).[6]

This Court is under no illusion that across Farina's post-dismissal motions and the instant appeal, Farina's end goal is the same: by persisting in her dispute over who owns the Property's note and mortgage and attempting to have BNYM's Proof of Claim 5-1 nullified, Farina seeks to obtain a decision that she can use toward reopening the state foreclosure judgment. And the Court has no basis to indulge Farina's continued (and frivolous) efforts to relitigate issues that were resolved years ago.[7] The Court, accordingly, affirms the USBC's November 24, 2025, Orders denying Farina's various motions for post-dismissal relief.

## IV. ORDER

**IT IS THEREFORE,** on this 19th day of November, 2026, **ORDERED** as follows:

1. The USBC's November 24, 2025, Order (Bankr. ECF No. 118) denying Farina's Supplemental Motion for Judicial Notice is **AFFIRMED**.

2. The USBC's November 24, 2025, Order (Bankr. ECF No. 119) denying Farina's Emergent Motion for Certification of a Federal Question and Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) is **AFFIRMED**.

---

[6] To the extent that Farina raises other collateral arguments on appeal, these too fail. Under New Jersey law, which governs this inquiry, "when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation." *Adelman v. BSI Fin. Servs., Inc.*, 179 A.3d 431, 436 (N.J. Super. Ct. App. Div. 2018). The record here reflects that the USBC thoroughly considered, addressed, and rejected Farina's veiled attempts to attack the state court's final judgment, finding them to be nothing more than another attempt to relitigate issues arising from the state court foreclosure proceedings. (*See, e.g.*, Nov. 17, 2025, Op. (noting that after "applying the factors [for permissive abstention] to the totality of circumstances . . . it [was] clear [that] [Farina] seeks an alternate forum, yet again, to relitigate state-law foreclosure issues, which have been adjudicated in the [s]tate [c]ourt and [d]istrict [c]ourt.").) The Court, therefore, agrees with the USBC's conclusions.

[7] The USBC recognized as much when, after Farina filed an entirely new Chapter 13 bankruptcy petition premised on the same challenges discussed herein (*see* Bankr. Dkt. No. 25-23144), it issued its July 2, 2026, Order to Show Cause, directing Farina and her attorney to show cause as to why sanctions should not be imposed. (*See id.*, ECF No. 35.)

3. The USBC's November 24, 2025, Order (Bankr. ECF No. 120) denying Farina's Omnibus Motion to Vacate a Void Order of Dismissal in Supplement to the Motion for the Court to Take Judicial Notice is **AFFIRMED**.

4. Farina's appeal is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE